RENDELL, Circuit Judge,
concurring.
I join in Judge Sloviter’s fíne opinion and write separately only to note that while I was initially skeptical of Judge Sontchi’s view that a valuation based on discounted cash flow (DCF) was an appropriate “commercially reasonable determinant!] of value” of a repurchase agreement, I now wholeheartedly endorse this view. The factors that I believed, at first, warranted the conclusion that sale price was the only “commercially reasonable determinant! ] of value” of a repurchase agreement were twofold: first, the Bankruptcy Code treats repurchase agreements differently, permitting these transactions to be exempt from the automatic stay provisions because of the need for their liquidity. 11 U.S.C. § 559; See American Home Mortgage Holdings, Inc., 411 B.R. 181, 190 (Bankr.D.Del.2009); See Also Bankruptcy Law and Repurchase Agreements: Hearings on S. 115 Before the Subcomm. on Monopolies and Commercial Law of the Senate Comm, on the Judiciary, 98th Cong., 1st Sess. 306 (1983) (Statement of Peter Sternlight, Executive Vice President, Federal Reserve Bank of New York). Accordingly, I thought, their value in a sale, i.e. a liquidation, should provide the basis for damages. Second, the term ‘commercially reasonable’ is usu *259 ally associated with ‘disposition’, such that it anticipates a sale. Black’s Law Dictionary 305 (9th ed.2009); U.C.C. § 9 — 610(b).
However, I now conclude that Judge Sontchi was correct for three reasons. First, the statute clearly uses the plural of “determinants” so that sale price should not be viewed as exclusive. Second, while admittedly ‘commercially reasonable’ is linked most often with ‘disposition’, the determination of what is ‘commercially reasonable’ involves a fact-intensive inquiry, dependent on the totality of the circumstances, and calls for an examination of the particular situation, which may not include a sale. See United States v. Tabor Court Realty Corp., 803 F.2d 1288, 1306 (3d Cir. 1986); See also Victaulic v. Tieman, 499 F.3d 227, 235 (3d Cir.2007)(“[T]he determination of reasonableness is a factual one, requiring consideration of all the facts and circumstances.” (quoting WellSpan Health v. Bayliss, 869 A.2d 990, 999 (Pa.Super.Ct.2005))). Third, and along those same lines, here, Calyon acknowledges that it has retained the mortgages and is receiving the monthly payments, i.e. the cash flow. Given this particular fact setting, a “determinante ] of value” that would appear to be “commercially reasonable”— indeed, perhaps the most reasonable — is DCF because Calyon clearly has determined that it will maximize its value by retaining the mortgages, preferring to receive the cash flow over time, rather than selling them. Thus, I believe Judge Sontchi was correct, as are we, and Calyon has no damage claim.